IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN -4 P 1: 52

CLERK _____
S.D. DIST. OF GA.

BOGEY BOGARDUS,            )
                          )
        Petitioner,       )
                          )
    v.                    )   CV 110-155
                          )   (Formerly CR 105-014)
UNITED STATES OF AMERICA, )
                          )
        Respondent.       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate confined to federal custody at FCI Low - Coleman, in Coleman, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Also before the Court is Petitioner's motion to amend.[1] (Doc. no. 7.) For the reasons set forth below, Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED**, that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

I.      BACKGROUND

On February 2, 2005, a federal grand jury indicted Petitioner on charges of: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count One"); (2) possession of a firearm having an obliterated serial number, in violation of 18 U.S.C. § 922(k) ("Count Two"); (3) possession with intent to distribute over 250 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1) ("Count Three"); and (4) carrying and

---

[1] Petitioner's reply in support of his § 2255 motion included an "Amended (Additional) Argument." (Doc. no 7, p. 4.) The court construes this as a motion to amend.

using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Four"). United States v. Bogardus, CR 105-014, doc. no. 1 (S.D. Ga. Feb. 2, 2005) (hereinafter "CR 105-014"). With regard to Count One – possession of a firearm by a convicted felon – the indictment alleged the following predicate prior convictions: (1) a conviction in the Circuit Court of Volusia County, Florida for possession of over 20 grams of cannabis, in violation of Fla. Stat. Ann. § 893.13(6)(a); and (2) a conviction in the Circuit Court of Volusia County, Florida for possession with intent to sell/deliver cannabis, in violation of Fla. Stat. Ann. § 893.13(1)(a)(2), and for carrying a concealed firearm, in violation of Fla. Stat. Ann. § 790.01(2).[2] Id. at 1-2; (see doc. no. 6-1, p. 2; doc. no. 6-2, p. 2).

Pursuant to a written plea agreement, Petitioner pleaded guilty to Counts One, Three, and Four.[3,4] CR 105-014, doc. no. 17. Petitioner's plea agreement contained an appeal and collateral attack waiver provision that stated in relevant part:

> The defendant, as a part of this agreement and in consideration for the government's promises hereunder, . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

---

[2]Under Florida law, each of these offenses is a third-degree felony, see Fla. Stat. Ann. §§ 790.01(2), 893.13(1)(a)(2) & (6)(a), which is punishable "by a term of imprisonment not exceeding 5 years." Fla. Stat. Ann. § 775.082(3)(d).

[3]In exchange for Petitioner's guilty plea, the government agreed, inter alia, to dismiss Count Two against Petitioner. CR 105-014, doc. no. 17, p. 4. This charge was dismissed on the government's motion following acceptance of the guilty plea. Id., doc. no. 19.

[4]Although the indictment charged that Petitioner "knowingly used and carried a firearm" in violation of § 924(c), he pleaded guilty to "carrying a firearm." Compare CR 105-015, doc. no. 1, p. 3, with id., doc. no. 17, pp. 2-3.

Id. at 7.

At Petitioner's change of plea (Rule 11) hearing held on July 29, 2005, Special Agent Randy Beach with the Drug Enforcement Administration Task Force in Augusta testified as to the factual basis for Petitioner's guilty plea. Id., doc. no. 23, pp. 13-18. In particular, Special Agent Beach testified that investigators with the Richmond County Sheriff's Office received a tip that Petitioner "would be delivering a quantity of marijuana at the Ruby Tuesday Restaurant on Bobby Jones Expressway at a particular time." Id. at 14. He stated that Petitioner arrived, along with a passenger, "coincidental to the tip information." Id. at 14-15. Further,

> [Petitioner] was approached at that time and taken into custody, and in plain view, right there on the front passenger's seat, was a bag containing 290 grams or so of marijuana.
> And also between the front passenger and driver's seats was this particular Hi Point .45 caliber pistol with the obliterated serial number that was -- you could see the butt of the gun protruding out between the seats. And it was even photographed in that manner.

Id. at 15. Special Agent Beach testified that both the marijuana and firearm were found "within arm's reach" of Petitioner. Id. at 16. He also testified that Petitioner "even gave a written statement claiming responsibility and ownership of the marijuana and the particular firearm." Id. The Honorable Dudley H. Bowen, Jr., United States District Judge, next questioned whether Petitioner disagreed with any of Special Agent Beach's testimony; Petitioner replied that he did not. Id. Following Petitioner's confirmation of the truth of the factual basis, Judge Bowen accepted Petitioner's guilty plea. Id. at 18-19.

On January 19, 2006, Petitioner was sentenced to 60 months imprisonment on Counts One and Three, to be served concurrently, and 60 months imprisonment on Count Four, to

3

be served consecutively to Counts One and Three, for a total of 120 months. Id., doc. no. 19.

Consistent with his appeal waiver, Petitioner did not appeal his sentence.

On November 29, 2010, Petitioner filed the instant § 2255 motion, in which he raises

a single claim: that the recent Supreme Court decision in Carachuri-Rosendo v. Holder, 560

U.S. ___, 130 S. Ct. 2577 (2010), renders him actually innocent of his conviction on Count

One: possession of a firearm by a convicted felon. (Doc. nos. 1, 3.) Respondent has filed

a response in opposition to Petitioner's motion. (Doc. no. 6.) Subsequently, Petitioner filed

a reply to Respondent's response, which includes his request to amend his § 2255 motion,

the details of which are discussed below. (Doc. no. 7.) The Court resolves these matters as

follows.

## II.    DISCUSSION

Before turning to the merits of the instant § 2255 motion, the Court will briefly

address Petitioner's collateral attack waiver. CR 105-014, doc. no. 17.  While Respondent

draws the Court's attention to the waiver in its brief, Respondent offers no argument as to

whether the waiver bars the instant § 2255 motion. (Doc. no. 6, p. 2.)  Indeed, Respondent

has not addressed the argument Petitioner makes in his reply brief that while he waived his

right to attack his sentence, he has not waived his right to attack his convictions (see doc.

no. 7, p. 1), which appears to be a point of contention in this district. See Roberson v. United

States, CV 611-048 (S.D. Ga. Nov. 30, 2011) (Edenfield, J.) (construing narrowly terms of

an appeal waiver to expressly forbid attacks on the petitioner's *sentence* but finding that

waiver allowed attack on *post-sentencing* assistance of counsel). Fortunately, the Court need

not resolve this issue because, for the reasons explained below, it finds that Petitioner is not

entitled to the relief he seeks on the merits.

4

## A. No Need For Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, "it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition." Stephens v. United States, 14 F. Supp. 2d 1322, 1334 (N.D. Ga. 1998) (citation omitted). Further, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." Id.

As described in detail below, the Court finds that Petitioner's claim is time-barred and therefore fails as a matter of law. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing (doc. no. 1, p. 4) should be denied.

## B. Timeliness of § 2255 Motion

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1.  the date on which the judgment of conviction becomes final;

2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final on or about January 29, 2006, ten days after judgment was entered. See Fed. R. App. P. 4(b)(1).[5] Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed nearly five years later, is untimely unless one of the three exceptions under § 2255(f) applies.

Petitioner argues that his motion is timely filed under § 2255(f)(3) because it was brought within one year of the date the Supreme Court decided Carachuri, which Petitioner argues creates a new right retroactively applicable to cases on collateral review. (See doc. no. 3, p. 2.) Respondent argues that Carachuri has no application to Petitioner's case and therefore "cannot serve as a predicate for timely filing under § 2255(f)(3)." (Doc. no. 6, p. 3.) Because Petitioner's motion is otherwise untimely, Respondent argues, it is therefore meritless. (Id.) Respondent has the better argument.

### 1. Carachuri Does Not Affect Petitioner's Felon-In-Possession Conviction

For the reasons set forth below, the Court concludes that Carachuri has no application to Petitioner's case. In Carachuri, the Supreme Court examined whether a state simple-possession drug offense qualified as an "aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. 130 S. Ct. at 2582. The petitioner in that

---

[5]Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

case, a lawful permanent resident, faced deportation after receiving two misdemeanor convictions for simple-possession offenses in Texas. Id. at 2580. Although the petitioner conceded that he was subject to removal, he argued that he should be eligible for discretionary relief from removal under the INA because he had never been convicted of an "aggravated felony" as defined under the Act. Id.

Under the INA, the term "aggravated felony" includes a number of federal offenses, including "illicit trafficking in a controlled substance," which is in turn defined as a "any felony punishable under, *inter alia*, the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*" Id. at 2581 (citing 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 942(c)(2)). Furthermore, a felony is a crime for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a)(5). With exceptions not applicable in Carachuri, only recidivist possession is a felony under the CSA. See 21 U.S.C. § 844(a).

In Carachuri, although Texas law would have authorized a sentencing enhancement for recidivist simple-possession if the prosecutor had proven the existence of the petitioner's prior misdemeanor conviction, the State did not elect to do so. See 130 S. Ct. at 2583. Denying discretionary relief to the petitioner under the INA, the Government relied on language from a prior Supreme Court decision, Lopez v. Gonzales, 549 U.S. 47, 56 (2006), for the proposition that a state offense must be *punishable* as a felony under federal law in order to qualify as an "aggravated felony" under the INA. Carachuri, 130 S. Ct. at 2582. In other words, the Government argued, Lopez permitted a "hypothetical approach" under the INA: if the petitioner's second simple-possession misdemeanor *could have been* federally prosecuted as a recidivist drug offense under the CSA – but was not – it nevertheless qualified as an "aggravated felony." Id. at 2586-87.

7

The Supreme Court disagreed, explaining that under Lopez, it is necessary – but not sufficient – "that the conduct punished under state law correspond to a felony punishable under the [CSA] to be an aggravated felony under § 1101(a)(43)(B)." Id. at 2585 n.10. The Court further explained:

> The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of an aggravated felony' before he loses the opportunity to seek cancellation of removal.

Id. at 2589 (citing 8 U.S.C. § 1229b(a)(3)).

Here, Petitioner argues that Carachuri alters the definition of a federal felony such that offenses in which the actual sentence imposed is for a term of less than one year no longer qualify. (Doc. no. 1, pp. 4-5; doc. no. 3, p. 5; doc. no. 7, pp. 2-4.) Thus, he argues, his "state prior offenses do not qualify as felon[ie]s under federal law" because he was only sentenced to less than one year of imprisonment under each conviction; therefore, these convictions cannot serve as a predicate for his felon-in-possession conviction under § 922(g)(1).[6] (Doc. no. 1, p. 4; doc. no. 3, p. 5.) Petitioner further asserts that his conviction under § 922(g)(1) is merely a "hypothetical felony" because Petitioner was not punished as a recidivist. (Doc. no. 3, pp. 5-6; doc. no. 7, p. 2.)

---

[6]Petitioner initially asserted that he was sentenced as a first-time offender under the Georgia Criminal Code for his state drug convictions. (Doc. no. 3, pp. 6-8.) Respondent correctly points out that Petitioner was convicted for drug possession in Florida rather than Georgia (doc. no. 6, pp. 4, 8), and provides copies of the judgments for each of Petitioner's state court convictions (see doc. no. 6-1, p. 2; doc. no. 6-2, p. 2.). In his reply, Petitioner concedes his mistake, but argues that the result should be the same "regardless of the actual state of conviction." (Doc. no. 7, pp. 1-2.) Because the Court finds Carachuri inapplicable to Petitioner's case, as explained below, it finds no moment to determine whether the result would be the same if Petitioner had been convicted under Georgia law.

Petitioner is mistaken, however. Carachuri did not alter the definition of a federal felony. Rather, Carachuri stands for the proposition that before a defendant can be made to suffer the consequences of a recidivist conviction – which in Carachuri would have transformed a misdemeanor simple-possession offense under state law into an "aggravated felony" under the INA – the defendant must actually be *convicted* as a recidivist. 130 S. Ct. at 2586 ("First, and most fundamentally, the Government's position ignores the text of the INA, which limits the Attorney General's cancellation power only when, *inter alia*, a noncitizen 'has . . . been *convicted* of a[n] aggravated felony.'") (citing 8 U.S.C. § 1229b(a)(3)) (emphasis added by Court). Stated another way, the Government could not rely on *hypothetical convictions* in order to find that a second or subsequent simple-possession misdemeanor qualified as an "aggravated felony" under the INA. Id. Yet nowhere in Carachuri did the Supreme Court say that offenses for which the actual sentence imposed is for a term of one year or less are thereby rendered "hypothetical," or that they no longer qualify as federal felonies.

Moreover, Petitioner's argument that his state convictions somehow do not qualify as federal felonies because he was not punished as a recidivist is similarly unavailing. The issue of whether Petitioner is a recidivist is simply irrelevant to his conviction as a felon-in-possession under § 922(g)(1). This is because Petitioner's conviction as a felon-in-possession did not require any recidivist finding; it only required that Petitioner be found to be a person "who has been convicted in any court of[] a crime *punishable* by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (emphasis added).

As Respondent correctly points out (doc. no. 6, p. 4), the actual sentence imposed is irrelevant; the proper inquiry is the maximum sentence permitted on the underlying offense.

9

See United States v. Hill, 539 F.3d 1213, 1219-21 (10th Cir. 2008) ("Because the focus under § 922(g)(1) should be on the crime committed by the defendant, our analysis must center on the maximum statutory sentence"); United States v. Smith, No. 08-00389-WS, 2009 U.S. Dist. LEXIS 28166, at *15-17 (S.D. Ala. Mar. 27, 2009) (collecting cases). Thus, if any of Petitioner's prior convictions permitted a maximum sentence of more than one year, then these convictions qualify as felonies under § 922(g)(1) regardless of the actual sentence imposed.

As noted above, Petitioner had three felony convictions to serve as a predicates for his felon-in-possession conviction: (1) possession of over 20 grams of cannabis, in violation of Fla. Stat. Ann. § 893.13(6)(a); (2) possession with intent to sell/deliver cannabis, in violation of Fla. Stat. Ann. § 893.13(1)(a)(2); and (3) carrying a concealed firearm, in violation of Fla. Stat. Ann. § 790.01(2). (See doc. nos. 6-1, 6-2.) Under Florida law, each of these offenses is a third-degree felony punishable "by a term of imprisonment not exceeding 5 years." Fla. Stat. Ann. § 775.082(3)(d). Accordingly, because the maximum authorized sentence for each of these convictions exceeds one year, each qualifies as a "felony" under federal law. 18 U.S.C. § 922(g)(1).

In short, there is nothing "hypothetical" about these predicate felony convictions. As Carachuri does not disturb Petitioner's conviction under § 922(g)(1), his argument that he is "actually innocent" of that conviction is unavailing. Further, because Carachuri does not apply, it cannot render Petitioner's claim timely under § 2255(f)(3), and thus his claim is time-barred.

### 2.    Carachuri Does Not Apply Retroactively

Even if Carachuri were applicable to Petitioner's case, the Court does not agree that

10

Carachuri applies retroactively on collateral review, which is required for his claim to be timely under § 2255(f)(3). Where a Supreme Court decision results in a new substantive rule, the new rule will generally apply retroactively. Shriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citing, *inter alia*, Teague v. Lane, 49 U.S. 288, 311 (1989)). Petitioner argues that because Carachuri "interpreted 18 U.S.C. § 3559(a) to only cover a defendant's actual sentencing range, and excluded 'hypothetical' terms of imprisonment," it thereby created a new substantive rule which applies retroactively on collateral review. (Doc. no. 7, p. 3 (citing Shriro, 542 U.S. at 352.) However, as explained above, the Supreme Court did not alter the definition of a federal felony when it decided Carachuri, much less did it exclude "hypothetical" terms of imprisonment from this definition.

Indeed, an exhaustive search reveals that nearly every court to consider whether Carachuri applies retroactively has concluded that it does not. Stewart v. Warden, No. 511-cv-98-Oc-29SPC, 2011 U.S. Dist. LEXIS 137781, at *7-8 (M.D. Fla. Nov. 30, 2011); United States v. Rodriguez-Mendez, No. 402-CR-3020, 2011 U.S. Dist. LEXIS 96348, at *15-16 (D. Neb. Aug. 29, 2011); Graves v. United States, No. 211-cv-166, 2011 Dist. LEXIS 73290, at *7-8 (E.D. Tenn. July 6, 2011), *appeal docketed*, No. 11-5874 (6th Cir. July 21, 2011); Montes v. Benov, No. 111-cv-963, 2011 U.S. Dist. LEXIS 66322, at *6 (E.D. Cal. June 22, 2011); Thomas v. Holland, No. 010-cv-098-HRW, 2011 U.S. Dist. LEXIS 63423, at *15-16 (E.D. Ky. June 15, 2011); Walker v. United States, No. 710-cv-176, 2011 U.S. Dist. LEXIS 38232, at *7-8 (E.D.N.C. Apr. 7, 2011), *appeal docketed*, No. 11-6660 (4th Cir. May 19, 2011); Adams v. United States, No. 10-61520-WJZ, 2011 U.S. Dist. LEXIS 35553, at *8 (S.D. Fla. Feb. 28, 2011), *adopted as opinion of District Court*, 2011 U.S. Dist. LEXIS 35534, at *1-2 (S.D. Fla. Mar. 31, 2011); Powell v. United States, No. 510-cv-137-V-5, 2011

U.S. Dist. LEXIS 2610, at *11-12 (W.D.N.C. Jan. 4, 2011), *appeal docketed*, No. 11-6152

(4th Cir. Feb. 25, 2011). But see Farrior v. United States, No. 511-cv-263-H, 2011 U.S. Dist.

LEXIS 137762, at *4-5 (E.D. N.C. Nov. 7, 2011).

Accordingly, even if the Court were to assume for the sake of argument that

Carachuri applied to Petitioner's case, the Court concludes that Petitioner motion is untimely

because it was filed after the expiration of the one-year statute of limitations set out in

§ 2255(f)(1) and because the Supreme Court's decision in Carachuri did not trigger the

exception under § 2255(f)(3).

### C.    Petitioner's Motion to Amend Should Be Denied

In his reply to Respondent's response, Petitioner includes a new argument, asserting

that he is actually innocent of his conviction on Count Four – "carrying and using a firearm

during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)."

(Doc. no. 7, p. 4.) Petitioner argues that the Supreme Court's decision in Watson v. United

States, 552, U.S. 74, 83 (2007), which held that "a person does not 'use' a firearm under §

924(c)(1)(A) when he receives it in trade for drugs," renders him actually innocent of his

conviction on that Count. (Doc. no. 7, p. 4.) For support, Petitioner points to a detention

order issued in his underlying criminal proceedings in which this Court noted that Petitioner

"claimed to have taken the pistol [for which Petitioner was convicted under Count Four] as

his payment in a prior drug sale." (Id. at 7); CR 105-014, doc. no. 7, p. 4. Although

Petitioner buried this "amended argument" in his reply brief rather than properly raising it

in a separately filed motion, the Court, in an abundance of caution, construes this argument

as a motion to amend and proceeds to address it in that manner.

Federal Rule of Civil Procedure 15(a)(1)[7] provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[8] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182).

---

[7]The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions ." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (per curiam). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend.

[8]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted; similarly, a motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, because Petitioner filed his motion to amend more than 21 days following Respondent's response, he cannot amend as a matter of right under Rule 15(a)(1). Therefore, the Court will proceed to determine whether his proposed amendment should be allowed under Rule 15(a)(2). The Court concludes that it should not.

Petitioner correctly states Watson's holding that a person does not "use" a firearm within the meaning of § 924(c) when he merely receives it in a bartered exchange for drugs. 552 U.S. at 83. However, Petitioner has overlooked the fact that he was indicted for using and *carrying* a firearm during and in relation to a drug trafficking offense, CR 105-014, doc. no. 1, p. 3, and that he pleaded guilty to *carrying* a firearm in violation of § 924(c). Id., doc. no. 17.

Yet the holding Watson has no bearing on the verb "carrying." Indeed, the Supreme Court has explained that the words "use" and "carry" under § 924(c) are not synonymous. Bailey v. United States, 516 U.S. 137, 146 (1995) ("Under the interpretation we enunciate today, a firearm can be used without being carried, *e.g.*, when an offender has a gun on display during a transaction . . . and a firearm can be carried without being used, *e.g.*, when an offender keeps a gun hidden in his clothing throughout a drug transaction."), *superceded*

*by statute on other grounds*, Pub. L. No. 105-386, 112 Stat. 3469 (1998), *as recognized in* Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011); see Shelby v. Zych, 2009 U.S. Dist. LEXIS 74594, at *6 (E.D. Mich. Aug. 21, 2009) (finding that petitioner who was convicted for carrying a firearm was unable to show that Watson impacted his conviction).

Furthermore, the only support Petitioner offers for his argument that he is actually innocent of his conviction under § 924(c) is a sentence taken from a March 4, 2005 detention order issued early in his underlying criminal proceedings that reads, "[Petitioner] claimed to have taken the [firearm] as his payment in a prior drug sale." CR 105-014, doc. no. 7, p. 4. This language from the March 4, 2005 detention order does not help Petitioner for two reasons. First, Petitioner's *allegations* referenced in the detention order had little bearing on the *facts* upon which Petitioner's subsequent guilty plea was based. Moreover, the factual basis for Petitioner's July 29, 2005 guilty plea included testimony by Special Agent Beach that Petitioner arrived in a vehicle with the firearm at issue "within arm's reach" and protruding between the seats where Petitioner and his passenger were sitting. CR 105-014, doc. no. 23, p. 15. These facts, which demonstrate that the firearm was readily accessible to Petitioner, amply support a conviction under § 924(c). See United States v. Muscarello, 524 U.S. 125, 126-27, 137-39 (1998) (holding that a person "carries a firearm" within the meaning of § 924(c) where they convey a firearm in a vehicle, even where the firearm is in a locked glove compartment or trunk of the vehicle).

Second, the sentence in the detention order states that Petitioner alleged receipt of the firearm as payment in a drug transaction *prior* to the drug transaction for which he was arrested in the underlying offense. See id., doc. no. 7, p. 4. While Watson indeed held that a person does not "use" a firearm under § 924(c) at the time they receive the firearm as

15

payment in a drug transaction, this does not forever immunize the firearm from later being "used," "carried," or "possessed" within the meaning of § 924(c) in a subsequent drug transaction. Cf. Watson, 552 U.S. at 83 ("For defendants charged under § 924(c) . . . trading drugs for a gun will probably result in . . . possession.") (quoting United States v. Cox, 324 F.3d 77, 83 n.2 (2d Cir. 2003)).

In short, Petitioner's proposed new claim is without merit. Petitioner's motion to amend should therefore be **DENIED** for futility. See Coventry First, LLC, 605 F.3d at 870.

## III. CONCLUSION

For the reasons set forth above, Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED**, that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED on this _4th_ day of January, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE